UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERT COPPERNALL and
MARGARET COPPERNALL

                          Plaintiffs,

v.                                        Civil Action No. _____

ADMIN RECOVERY LLC,

                          Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiffs, Albert Coppernall and Margaret Coppernall are natural persons residing in the County of Monroe and State of New York and are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Admin Recovery LLC, is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Wells Fargo. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Wells Fargo to collect on the subject debt.

13. That on or about September 28, 2012, Defendant called Plaintiff Margaret Coppernall, at her place of employment, in an attempt to collect on the subject debt. Plaintiff Margaret Coppernall informed them that she could not take calls at her place of employment and provided Mr. Coppernall's cellular telephone number to the Defendant.

14. That Defendant contacted Plaintiff Albert Coppernall on his cellular telephone in an attempt to collect the subject debt. That during this call, Plaintiff informed Defendant that he did not want to pay an amount less than full amount allegedly owed as he did not want his credit report to reflect that he settled for a lower amount than was due. Plaintiff desired a payment plan to be set up in order to start paying the debt.

15. Defendant responded that it had to be a lump sum payment and there could be no payment plan. Plaintiff then terminated the call.

16. That Defendant called him back and Plaintiff Albert Coppernall spoke with a supervisor who informed Plaintiff that if he did not pay the debt, he would be sued or they would put a lien on his house

17. That Defendant has left voice messages on Plaintiffs' home answering machine in which Defendant fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

18. That despite Defendant's statements, they had not been authorized to pursue legal action against Plaintiffs, and did not intend to do so.

19. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

2

## V. CAUSE OF ACTION

20. Plaintiffs repeat, re-allege and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating they would place on lien on Plaintiffs' home and sue them.

    B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiffs.

    C. Defendant violated 15 U.S.C. §1692c(a)(3) by continuing to contact Plaintiff Margaret Coppernall at her place of employment despite her instructions to not contact her there.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintifsfs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: October 11, 2012

                                /s/ Seth J. Andrews_____
                                Kenneth R. Hiller, Esq.
                                Seth J. Andrews, Esq.
                                Law Offices of Kenneth Hiller, PLLC
                                *Attorneys for the Plaintiff*
                                6000 North Bailey Ave., Suite 1A
                                Amherst, NY 14226
                                (716) 564-3288
                                Email: khiller@kennethhiller.com
                                            sandrews@kennethhiller.com